United States District Court
Southern District of Texas
**ENTERED**
February 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS MULLINS, ET AL., § | |
| § | |
| Plaintiffs. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-02919 |
| § | |
| PETSMART, INC., § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

This is a premises liability lawsuit originally filed by Plaintiff Douglas Mullins ("Mullins") against PetSmart, Inc. in the 189th Judicial District Court for Harris County, Texas. In his original petition, Mullins claimed that he tripped and fell at a PetSmart store in Houston, resulting in fractures to his right arm and left knee.[1]

On August 19, 2020, PetSmart removed the lawsuit to federal court based on diversity of citizenship. For diversity jurisdiction to exist, the plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). At the time of removal, Mullins was a Texas citizen. PetSmart was—and is—a corporation incorporated under the laws of the State of Delaware with its

---

[1] On October 27, 2020, Mullins died due to reasons unrelated to the underlying premises liability incident. His three children have been substituted in as Plaintiffs.

principal place of business in the State of Arizona. In his Original Petition, Mullins indicated that he sought monetary relief of more than $1 million, far exceeding the $75,000 floor needed for diversity jurisdiction. *See* Dkt. 1-2 at 2 ("Plaintiff, through counsel, hereby states that she [sic] is seeking monetary relief of over $1,000,000.").

Plaintiffs recently asked permission to file an amended complaint to reduce the monetary relief sought to an amount under $75,000. *See* Dkt. 11. Plaintiffs believe that this amendment will deprive the district court of jurisdiction and require remand back to state district court. PetSmart opposes the request to amend.

The Federal Rules of Civil Procedure require district courts to "freely give leave" to amend a pleading "when justice so requires." FED. R. CIV. P. 15(a)(2). This rule "evinces a bias in favor of granting leave to amend." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quotation omitted). Absent a significant reason, "such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). This case is at its early stages. No docket control order has been entered. A Rule 16 scheduling conference will be held later this week. My standard operating procedure is to allow every plaintiff at least one opportunity to

replead. After carefully reviewing Plaintiffs' proposed First Amended Complaint, *see* Dkt. 11-2, I see no reason to deviate from my normal approach.

The main difference between Plaintiffs' Original Petition filed in state court and the proposed First Amended Complaint is that the original state court lawsuit sought more than $1 million in damages, while the proposed amended complaint seeks "monetary relief under $75,000.00." *Id.* at 4 (emphasis omitted). If Plaintiffs want to limit the amount of damages they can recover in this case, I'm not going to stand in their way. That said, I want to make it abundantly clear that the proposed amended complaint, if filed, does *not* strip the federal courts of jurisdiction.

It is well-settled that the amount in controversy in a diversity case is determined by the pleadings at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal."). A plaintiff's post-removal amendments to his complaint that reduce the amount in controversy below $75,000 does not deprive the court of jurisdiction. *See Choate v. State Farm. Mut. Auto. Ins. Co.*, 62 F.3d 395, 1995 WL 450253, at *3 (5th Cir. 1995). This has been the law since at least 1938 when the United States Supreme Court declared that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). *See also Anderson v. Dow Chem. Co.*, 255 F. App'x 1, 3 (5th Cir. 2007) ("[A]n amendment to the complaint or

stipulation reducing the amount in controversy does *not* divest a federal court of such jurisdiction."); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (explaining that "amendment of pleadings to below [the] jurisdictional amount . . . will not divest the court of jurisdiction"). A plaintiff's original claim "fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election." *St. Paul Mercury*, 303 U.S. at 294. The only basis for a later development in the case to destroy subject matter jurisdiction is the proper addition of a non-diverse party. *See* 28 U.S.C. § 1447(e). "Thus, so long as the pleadings demonstrated the existence of diversity jurisdiction at the time of removal, this Court has and continues to have diversity jurisdiction regardless of the filing of the amended complaint to reduce the amount in controversy." *Rodriguez v. U.S. Bank, N.A.*, No. 5:12-CV-00345-XR, 2012 WL 12881998, at *1 (W.D. Tex. July 9, 2012).

In this case, the notice of removal was filed when the live pleading asked for more than $1 million in damages and included completely diverse parties. Accordingly, the case was properly removed to federal court on the basis of diversity jurisdiction. Plaintiffs suggest that there existed at the time the lawsuit was filed the possibility of recovering damages for future medical treatment and future impairment. Once Mullins died, those forms of damages were "no longer applicable, thereby changing the monetary relief sought by [his] children" to below $75,000. Dkt. 11 at 2. Even if true, "post-removal events do not affect that properly established jurisdiction." L*ouisiana v. Am. Nat. Prop. & Cas. Co.*, 746 F.3d 633,

4

636 (5th Cir. 2014). All that matters when it comes to the amount of controversy is the amount sought on the date the case was removed to federal court. "Because [PetSmart] properly removed [Plaintiffs'] suit to federal court, [Plaintiffs] cannot defeat removal by attempting to amend [their] pleadings to reduce the amount in controversy below the required sum." *Choate*, 1995 WL 450253, at *3.

For the reasons presented above, Plaintiff's [sic] Opposed Motion for Leave to Amend Complaint (Dkt. 11) is **GRANTED**. Plaintiffs are given permission to file the proposed amended complaint by February 26, 2021. *See* Dkt. 11-2.

SIGNED on this 23rd day of February 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE